in question and that such lack of supervision was "undoubtedly" a direct cause of glass being thrown into the wading pool. There is no evidence that any glass was thrown in the pool on that afternoon and there was no causal connection shown between the absence of an attendant for a period of time and the glass subsequently found when the pool was drained. Neither actual nor constructive notice was found by the court and no finding that the pool was negligently maintained. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff, after discharge of the jury following motion by both sides, in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

■ EDWARD L. PHELPS, an Infant, by NORMAN L. PHELPS, His Guardian at Litem, Respondent, v. CITY OF BUFFALO, Appellant.— Same decision and like cause of action as in companion case of Phelps v. City of Buffalo (3 A D 2d 816). Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

■ HAZEL FARNUM, Respondent, v. FREDA BLACKMAN, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Allegany Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

■ LUTHER FARNUM, Respondent, v. FREDA BLACKMAN, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Allegany Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WOODARD, Appellant, et al., Defendants.— Judgment of conviction under the first count of the indictment reversed on the law and facts and a new trial granted on the ground that the verdict of the jury is against the weight of evidence; judgment of conviction under the second count of the indictment affirmed. All concur. (Appeal by defendant Charles Woodard from a judgment of Erie County Court convicting him of violation of subdivisions 1 and 3 of section 1751 of the Penal Law in selling narcotics and in possessing narcotics.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ RICHARD F. BAURIEDL, an Infant, by SEGMUND BAURIEDL, His Guardian ad Litem, Respondent, v. EDWARD J. DRECHSLER, Appellant. FRANK PRINZING, JR., Respondent, v. EDWARD J. DRECHSLER, Appellant. HARRY HUTTEMAN, Respondent v. EDWARD J. DRECHSLER, Appellant.— Judgments affirmed, with costs. All concur. (Appeals from two judgments of Monroe Trial Term for plaintiffs in automobile negligence actions, consolidated by court order.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ LAWRENCE W. GILBERT et al., Respondents, v. MARLIN R. CLOUSE et al., Appellants.— Order affirmed, with $10 costs and disbursements. Memorandum: The fact that defendants are nonresidents has no pertinency. It was not necessary that the action be brought in the county where one of the parties resides. The motion, however, in the exercise of judicial discretion was properly denied. All concur. (Appeal from order of Genesee Special Term denying motion by defendants to change the place of trial from Genesee County to Jefferson County, in automobile negligence actions.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.